UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JILL FISHER and RUSSELL CHISM, on Behalf of Themselves and Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 1:10-CV-38 RM |
| YOUR FRIENDS & NEIGHBORS, INC., *et al.*, | ) ) ) ) | |
| Defendants | ) | |

## OPINION and ORDER

Plaintiffs Jill Fisher and Russell Chism, former employees of Your Friends & Neighbors, Inc., brought suit against the defendants on behalf of themselves and all past and/or present employees of Your Friends & Neighbors, and/or participants in the plan of insurance sponsored and/or administered by the defendants, to recover damages incurred as a result of the defendants' alleged failure to make contributions to the corporation's self-insured health insurance plan, to notify the employees and plan participants of non-payment, and to reimburse the plan participants for covered medical expenses. The original complaint (filed in February 2010) was amended in November 2010 to add defendants Ernest Beal, Jr., Rosewater, Inc., and Your Friends & Neighbors of Georgia, Inc., and asserts claims under federal and state law for violations of ERISA, IND. CODE 22-2-6-2, IND. CODE 22-2-12 *et. seq.,* breach of fiduciary duty, fraud, constructive fraud, and conversion. The plaintiffs' second motion to amend

the complaint, seeking to add Sophia Tabler-Adams as a plaintiff and prospective class representative, now pends before the court. For the reasons that follow, the court grants the motion to amend.

Fed. R. Civ. P. 15(a)(2) provides that courts "should freely give leave when justice so requires." Whether to grant a motion to amended is discretionary, Johnson v. Cypress Hill, 641 F.3d 867, 872 (7th Cir. 2011); Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009), but "[i]n the absence of an apparent or declared reason — such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . ., futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" Foreman v. Davis, 371 U.S. 178, 182 (1962); *see also* Campania Mgmt. Co. v. Rooks, Pitts & Poust, 290 F.3d 843, 848-49 (7th Cir. 2002). "[W]hile delay on its own is usually not reason enough for a court to deny a motion to amend, Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792-93 (7th Cir. 1994), the 'longer the delay, the greater the presumption against granting leave to amend.'" Johnson v. Cypress Hill, 641 F.3d at 872 (quoting King v. Cooke, 26 F.3d 720, 723 (7th Cir. 1994)). *See also* Soltys v. Costello, 520 F.3d 737, 743 (7th Cir. 2008).

The defendants contend that the plaintiffs unduly delayed filing their motion, and that adding a plaintiff and new class representative at this stage of the proceedings would be unduly prejudicial because it could substantially alter the mediation process, unfairly deprive defendants of the chance to prepare for

mediation, delay disposition of the motion for class certification, and increase the burden of conducting investigations and reviews. The court disagrees.

Repeated attempts have been made to set the case management deadlines required by FED. R. CIV. P. 16 and to keep this case on track, with little success. By the parties' agreement, the deadline for joining additional parties and amending the pleadings was deferred until after the ruling on the motion for class certification (*see* Doc. No. 28), the discovery deadline was stayed (*see* Doc. No. 104), and the scheduling conference (originally set for October 4, 2010) has been continued four times (*see* Doc. Nos. 54, 55, 83, 88, 96, 99, 107 and 108). In each instance, the parties said additional time was needed because they were engaged in the discovery process and settlement negotiations. While the parties indicated in their September 2010 status report [Doc. No. 54] that they had selected a mediator and were working with him to secure available mediation dates, the first mediation wasn't scheduled until June 15, 2011, and only after the court ordered that mediation be completed by July 5. That session was "suspended to allow the parties to pursue further negotiations" [Doc. No. 105]; and on June 16, 2011, Magistrate Judge Cosbey stayed all proceedings and deadlines (including the discovery deadline and the motion for class certification response deadline) to allow the parties an opportunity to negotiate further. [Doc. No. 104].

After attempts to obtain information about the defendants' former employees and plan participants (including Ms. Tabler-Adams) through discovery directed to the defendants failed, the plaintiffs served a third party discovery

3

request on Core Benefits (the plan administrator) in January 2011. Core Benefits provided a spreadsheet identifying plan participants with outstanding unpaid claims in late March, and in late April 2011 the defendants submitted their remaining responses to the plaintiffs September 2010 discovery requests. The second motion for leave to amend the complaint was filed soon after that, on May 19, seeking to add Ms. Tabler-Adams as a plaintiff and prospective class representative. The factual bases for the complaint remains the same, and the plaintiffs don't seek to add new claims or new theories of liability. No scheduling deadlines preclude the plaintiffs from doing so, discovery and settlement negotiations are ongoing, and a trial date has yet to be set. From a procedural standpoint, this case is in its infancy. The delay between commencement of this action and filing of the second motion to amend is significant, but it isn't attributable solely to the plaintiffs and isn't unduly prejudicial to the defendants.

Accordingly, the court GRANTS the plaintiffs' second motion to amend the complaint [Doc. No. 100] and DIRECTS the Clerk to show Exhibit 1 to the motion filed as the second amended complaint. The defendants shall have 21 days from the date of this order to file their response to the motion for class certification [Doc. No. 31]. Any reply shall be filed within 21 days of receipt of the response.

SO ORDERED.

ENTERED:   July 25, 2011

/s/ Robert L. Miller, Jr.

Judge
United States District Court

5